AMASA YEAW *v.* ORRIS SEARLE, ET AL.

The assignee of the interest of a residuary devisee under a will, has a right to petition the Court of Probate for a decree removing the executor of said will, and, if aggrieved by the order, decree or determination of said Court, to appeal therefrom.

But where, pending an appeal from a decree of the Court of Probate refusing to remove an executor, the appellant assigns his interest in the estate of the testator in trust for the benefit of his creditors, said appeal will be dismissed, the assignee being the proper party to represent his interest in Courts of law and equity.

THIS was an appeal from a decree of the Court of Probate of the town of Scituate, rendered on an application of Amasa Yeaw and Asa E. Mathewson, for the removal of the appellees from the office and trust of executors of the last will and testament of Asa Mathewson, refusing to remove said executors. The appeal was taken by Amasa Yeaw alone, he being the assignee of said Asa E. Mathewson of his whole interest as residuary devisee under the will. When the case came on for trial, the counsel for the appellees moved that the appeal should be dismissed on the ground that pending the appeal, the ap-

pellant had assigned all his interest in the estate in trust for the benefit of his creditors.

*Carpenter and Thurston* for the appellant contended, That Courts of Probate were courts *sui generis,* being invested with a sort of paternal juirsdiction for the protection of infants, heirs and devisees—a jurisdiction neither strictly equitable nor strictly legal ; but *quasi* equitable. That an executor, though appointed by the testator, was an agent of the Court for the distribution of the estate, his appointment being subject to their confirmation. That to induce the Court to examine the conduct of such agent it was not necessary that the party should have legal rights, but it was enough if he was merely " interested in the settlement of the estate·" (Dig. of 1844, §4, p. 224.) That if the appellant had parted with all his interest he could not sustain the appeal, but having by his assignment merely modified his interest, being still interested to obtain as much as possible, both because he would thus be more likely to discharge the claims of his creditors and because he still retained a resulting trust under the assignment, he was in the sense of the statute interested.

*Potter and Browne* for the appellees.

HAILE, J., delivered the opinion of the Court.

This was an appeal from a decree of the Court of Probate of the town of Scituate upon the petition of the said Amasa Yeaw and Asa E. Mathewson, praying for reasons therein stated, that Richard M. Andrews and Orris Searle, executors of the last will and testament of Asa

Mathewson, late of said Scituate deceased, might be removed from their said office and trusts.

The said Asa E. Mathewson was residuary devisee in the last will and testament of said testator, and, prior to the presentation of said petition and on the 24th of December 1851, the said Asa E. Mathewson, by deed duly executed, conveyed to said Amasa Yeaw, all the estate and property which was devised to him in said will.

The said Court of Probate refused to grant said petition and, thereupon, said Yeaw appealed to this Court. By the third section of " An Act establishing Courts of Probate," (Dig. of 1844, p. 224,) every Court of Probate have power to remove any executor of a last will and testament by such Court approved, or any administrator or guardian appointed by such Court, for the causes therein mentioned. And by the sixteenth section of said act, it is provided that any person aggrieved at any order, determination or decree of any Court of Probate, except express provision be made to the contrary, may appeal therefrom to the Supreme Court, in the manner therein directed.

By the fourth section of said act, it is provided, that for the removal of any executor, administrator or guardian, complaint shall be first made in writing to such Court of Probate by an heir, devisee, legatee, ward, creditor or surety in the administration or guardianship bond, who may have been injured or exposed to injury, or by any person interested in the same.

Now, although the appellant does not come within the literal description of the persons specifically named in this statute, yet we think, he, being the assignee of a devisee, and having a legal interest in the estate of the

testator, had a right to make his complaint under the statute to the Court of Probate and, if aggrieved at the order, determination or decree of said Court, had a right to appeal to this Court, under an equitable construction of this statute.

But, during the pendency of this appeal, the appellant has assigned all his interest in the estate of the testator in trust for the benefit of his creditors. And the counsel of the appellees moved to dismiss this appeal on the ground that the appellant, having transferred all his legal interest in said estate, is no longer entitled to maintain his appeal.

This motion, we think, must be sustained by every legal and equitable construction of said statute. This appellant now holds no legal interest in said estate, but the bare possibility of a resulting trust, after payment of his debts by his assignee. To allow him, therefore, to sustain this appeal, would be to set at defiance the well established rules of law and of equity, that the legal interest of a party shall be considered paramount and prevail, where such interest can be protected and sustained by the established rules of law.

To allow the *cestui que trust* to set up and maintain his claim as against the trustee, who might take a different view of his rights and interest, would be to contravene the established rules of law and of equity. The assignee is the proper person to legally represent such an interest both in courts of law and of equity.

And, although a Court of Probate is a court *sui generis*, possessing a large jurisdiction and that jurisdiction to be liberally construed for the settlement and protection of the estates of deceased persons ; yet its jurisdiction should be so construed as not to conflict with the well establish-

ed rules of law and of equity. To allow the appellant in this case to maintain his appeal, after he has transferred all his legal interest in the estate of the testator, we think would clearly contravene these rules and would conflict with the true intent and meaning of the statute. The resulting trust of the appellant, if any he has, can be legally protected by his assignee; and the assignee would be liable for any abuse of such trust.

We think, therefore, upon every legal construction this appeal must be dismissed.

*Appeal dismissed.*